## Sheri Ben *vs.* Gordon N. Schultz.

No. 98-P-132.

Suffolk. May 19, 1999. - September 24, 1999.

Present: Kass, Porada, & Lenk, JJ.

*Practice, Civil,* Appeal, Reconsideration, Motion to amend, Attorney's fees, · Notice of appeal, Frivolous action. *Rules of Appellate Procedure. Appeals Court,* Appeal from order of single justice. *Damages,* Attorney's fees.

A prevailing party's motion to reconsider the trial judge's denial of a motion for attorney's fees pursuant to G. L. c. 231, § 6F, was not a motion to alter or amend the judgment under Mass.R.Civ.P. 59(e), and did not operate to stay the ten-day period within which an appeal under G. L. c. 231, § 6G, must be filed; consequently, an appeal filed after the motion to reconsider, more than thirty days after the § 6F motion was denied, was untimely and was correctly dismissed by a single justice. [811-815]

An appeal concerning the interpretation of G. L. c. 231, §§ 6F & 6G, which had not theretofore been well-settled, was not frivolous and did not warrant a grant of double costs to the prevailing party under Mass.R.A.P. 25. [815]

CIVIL ACTION commenced in the Land Court Department on July 26, 1996.

The case was heard by *Leon J. Lombardi,* J., on a motion for summary judgment.

Following a postjudgment motion for attorney's fees and sanctions heard by *Lombardi,* J., a notice of appeal pursuant to G. L. c. 231, § 6G, was dismissed and motions to reconsider and to enlarge time to file a notice of appeal were heard in the Appeals Court by *Greenberg,* J.

*Gordon N. Schultz,* pro se.

*Richard D. Vetstein* for the plaintiff.

LENK, J. Gordon Schultz appeals from decisions of a single justice of this court dismissing as untimely an appeal brought by Schultz pursuant to G. L. c. 231, § 6G, and denying Schultz's subsequent motions for reconsideration and enlarge-

ment of time. Schultz contends in essence that the § 6G appeal was timely because the ten-day appeal period triggered by receipt of the trial court's decision on a motion brought under G. L. c. 231, § 6F, was stayed by virtue of Mass.R.Civ.P. 59(e), 365 Mass. 827 (1974), during the pendency of a motion for reconsideration of the § 6F decision which Schultz brought in the trial court. We affirm the decisions of the single justice.

*Background.* Schultz's appeal is the latest episode of a long-simmering controversy involving a series of lawsuits among various parties over a period of sixteen years concerning the right, title, and interest to a certain condominium unit in Boston. A Land Court judge granted Schultz's summary judgment motion in plaintiff-appellee Sheri Ben's suit to clear title to the unit. The trial court judge concluded that the issues Ben raised were compulsory counterclaims not brought in a previous suit and were therefore precluded by principles of res judicata. Judgment entered on that decision on February 6, 1997.

Eight months later, on October 24, 1997, well after the period when Ben could have brought an appeal, Schultz, an attorney appearing pro se, filed a postjudgment motion for attorney's fees and sanctions under G. L. c. 231, § 6F, and Mass.R.Civ.P. 11, 365 Mass. 753 (1974). The trial court judge denied the motion on November 10, 1997, concluding that he did not find Ben's action to have been "wholly insubstantial, frivolous and not advanced in good faith." On November 17, 1997, Schultz filed a motion to reconsider that order. Reconsideration was denied on December 5, 1997.

Schultz received notice of denial of his motion to reconsider by mail on December 8, 1997. He filed a notice of appeal pursuant to G. L. c. 231, § 6G, on December 16, 1997. That appeal was dismissed as untimely by the single justice on December 31, 1997. On January 5, 1998, Schultz filed two motions, one captioned a "Motion to Reconsider and Vacate Order Dismissing Appeal and to Reinstate Appeal," the other a "Motion to Enlarge Time to File Notice of Appeal Pursuant to Mass. R.App.P. 14(b)." Each was denied by the single justice on January 7, 1998. On January 9, 1998, Schultz timely filed his appeal from those three orders.

*Discussion.* Schultz filed in the trial court a postjudgment

motion under G. L. c. 231, § 6F,[1] which provides, in part, for an award of counsel fees, costs and expenses upon "a separate and distinct finding" that a claim or defense on which a judicial determination has been made is "wholly insubstantial, frivolous and not advanced in good faith." Appeal from a decision concerning a § 6F motion is pursuant to § 6G,[2] which prescribes an expedited process requiring notice of appeal to be filed within ten days after receiving notice of that decision.

Schultz did not file an appeal from the trial court judge's denial of his § 6F motion within ten days after receiving notice of that decision. Instead, within ten days of receiving the denial of his § 6F motion, Schultz filed in the trial court a motion to reconsider that decision. He received notice that the motion for reconsideration was denied on December 8, 1997, and filed a notice of appeal to the single justice of this court pursuant to § 6G eight days later on December 16, 1997. Only if the ten-day period set forth in § 6G were stayed by virtue of the

---

[1]General Laws c. 231, § 6F, as inserted by St. 1976, c. 233, § 1, provides, in pertinent part, that "[u]pon motion of any party in any civil action in which a finding, verdict, decision, award, order or judgment has been made by a judge or justice or by a jury, auditor, master or other finder of fact, the court may determine, after a hearing, as a separate and distinct finding, that all or substantially all of the claims, defenses, setoffs or counterclaims, whether of a factual, legal or mixed nature, made by any party who was represented by counsel during most or all of the proceeding, were wholly insubstantial, frivolous and not advanced in good faith. The court shall include in such finding the specific facts and reasons on which the finding is based.

"If such a finding is made with respect to a party's claims, the court shall award to each party against whom such claims were asserted an amount representing the reasonable counsel fees and other costs and expenses incurred in defending against such claims. If the party against whom such claims were asserted was not represented by counsel, the court shall award to such party an amount representing his reasonable costs, expenses and effort in defending against such claims."

[2]General Laws c. 231, § 6G, as amended by St. 1992, c. 133, § 561, provides, in pertinent part: "Any party aggrieved by a decision on a motion pursuant to section six F may appeal as hereinafter provided. If the matter arises in the superior, land, housing or probate court, the appeal shall be to the single justice of the appeals court . . . .

"Any party may file a notice of appeal with the clerk or register of the court hearing the motion within ten days after receiving notice of the decision thereon . . . . The payment of any award made pursuant to section six F shall be stayed until the completion of all appeals relating to the civil action in which the award was made."

pendency of the motion for reconsideration in the trial court would Schultz's appeal be timely.

Schultz contends that his motion to reconsider was a timely motion to alter or amend the judgment under Mass.R.Civ.P. 59(e) and, therefore, stayed the appeal period pursuant to Mass. R.A.P. 4(a), as amended, 395 Mass. 1110 (1985). In order for Schultz's motion to reconsider the denial of his § 6F motion to be a rule 59(e) motion, and to stay the statutory appeal period of § 6G, that denial must be a judgment within the scope of rule 59(e). Rule 54(a) of the Massachusetts Rules of Civil Procedure, 365 Mass. 820 (1974), defines "judgment" as "the act of the trial court finally adjudicating the rights of the parties affected by the judgment." *Osborne* v. *Biotti*, 404 Mass. 112, 114 (1989). The question we must resolve on appeal implicates whether the trial court judge's denial of the § 6F motion was such an act.

Schultz argues that *Manzaro* v. *McCann*, 401 Mass. 880 (1988), is controlling. In *Manzaro*, the defendant-tenant in a summary process action brought pursuant to G. L. c. 239 counterclaimed under both G. L. c. 186, §§ 14 and 18, and G. L. c. 93A, and was awarded attorney's fees based on find-ings of violations of those statutes. The landlord did not file a notice of appeal within the ten-day period prescribed by G. L. c. 239, § 5, but instead timely filed a rule 59(e) motion to alter or amend the judgment, apparently as to those aspects of the judgment that awarded the tenant relief on her counterclaims. The rule 59(e) motion was denied and, within ten days of entry of that decision, the landlord filed a notice of appeal from the judgment awarding damages on the counterclaims. The Supreme Judicial Court held that the landlord's motion to alter or amend the judgment stayed the statutory appeal period and that the landlord's appeal was timely.[3] *Id.* at 882.

*Manzaro* does not control the result here for several reasons. First, unlike *Manzaro*, where the landlord filed a motion to alter

---

[3]General Laws c. 239, § 5, as amended through St. 1982, c. 304, § 3, provides, in part, that "[i]f either party appeals from a judgment . . . in an action under this chapter, including a judgment on a counterclaim, such party shall file a notice of appeal with said court within ten days after entry of said judgment." The tenant's claims under G. L. c. 186, §§ 14 and 18, and under G. L. c. 93A were compulsory counterclaims in a summary process proceed-ing. Appeals therefrom were governed not by the thirty-day appeal period set forth in Mass.R.A.P. 4(a), but by the ten-day period set forth in G. L. c. 239, § 5.

or amend a judgment which itself included an award of counsel fees, Schultz's motion to reconsider the denial of his G. L. c. 231, § 6F, motion was not a motion to alter or amend any part of the judgment in the underlying case. The § 6F motion had not been asserted in the underlying action either as an affirmative defense or as a counterclaim but was filed eight months after final judgment had entered, well outside the ten-day period set forth in rule 59(e), and well after the appeal period had run.

Second and more importantly, in *Manzaro*, the judgment itself contained an award of damages, including counsel fees, expressly allowed in the same statutes (G. L. c. 186, §§ 14, 18, and G. L. c. 93A) that establish the proscribed acts giving rise to liability. Appeal was from the entirety of the judgment and was to a panel of the appellate court. Schultz, in contrast, moved for attorney's fees under G. L. c. 231, § 6F. Appeal from the allowance or denial of such a motion is governed by the provisions of· G. L. c. 231, § 6G, which states that, "if the matter arises in the superior, land, housing or probate court, the appeal shall be to the single justice of the appeals court." The mechanism devised by the Legislature for appeals from actions on § 6F motions (which can be asserted either during the course of litigation or following entry of judgment) is one that is separate and apart from the appeal of the judgment in the underlying litigation. "The appeal from the judgment, which comes before a panel, affords no review of an award of attorney's fees under § 6F." *Bailey* v. *Shriberg*, 31 Mass. App. Ct. 277, 283 (1991). While an award of counsel fees under § 6F may be entered as part of the judgment (not the case here), the appeal as to the findings and fee award made under § 6F is not to the full panel of the appellate court which will consider the remainder of the judgment but rather to a single justice. See *id.* at 283-284; *Graves* v. *Hutchinson*, 39 Mass. App. Ct. 634, 645 (1996). The period in which the appeal of the remainder of the judgment may be taken is set forth in Mass. R.A.P. 4(a) and is not restricted to the shorter period set forth in G. L. c. 231, § 6G.

. The language of Mass.R.Civ.P. 59(e) is substantially the same as that of Fed.R.Civ.P. 59(e). "Where there is an identity of the language and no compelling reason to do otherwise, our practice is to adhere to judicial constructions of the Federal rule in construing our similar State rule." *Attorney Gen.* v. *Brockton*

*Agric. Soc.*, 390 Mass. 431, 434 n.3 (1983), citing *Rollins Envtl. Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 179-180 (1975). We do well in this context to examine how Fed.R.Civ.P. 59(e) has been applied to motions for attorney's fees under Federal law.

The Supreme Court has held that, "as a general matter, at least, we think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain." *Budinich* v. *Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988). The Court affirmed and expanded the application of its previous holding that " 'a request for attorney's fees under [42 U.S.C.] § 1988 raises legal issues collateral to' and 'separate from' the decision on the merits." *Id.* at 200, quoting from *White* v. *New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451-452 (1982).

In reaching that decision, the *White* Court observed that § 1988 provides for awards of attorney's fees only to prevailing parties, and, regardless of when they are requested, the inquiry into such an award may not commence until the decision on the merits has been made. Similarly, a motion for fees under G. L. c. 231, § 6F, may not commence until there has been "a finding, verdict, decision, award, order or judgment" on the disputed claim or defense, presumably in favor of the party against whom it was made. The Court also noted that "the attorney's fees allowed under § 1988 are not compensation for the injury giving rise to an action [and their] award is uniquely separable from the cause of action to be proved at trial." 455 U.S. at 452. Attorney's fees awarded on a motion under G. L. c. 231, § 6F, are likewise not compensation resulting from the injury giving rise to the cause of action but are compensation for the effort of defending against that cause of action; indeed, they are only available to the party defending against the disputed claim.

In addition to the case law under the counterpart Federal Rule 59(e), the statutory scheme of G. L. c. 231, §§ 6F and 6G, and cases construing these provisions support the conclusion that a motion brought under G. L. c. 231, § 6F, is not part of the merits of the underlying action but is collateral to the judgment entered in that action. In *Miaskiewicz* v. *LeTourneau*, 12 Mass. App. Ct. 880 (1981), the plaintiff appealed from a decision pursuant to G. L. c. 231, § 6G, arguing that the single justice should have made an independent determination of the

facts. We held that the function of the single justice hearing the appeal is to conduct a "review on the basis of the *subsidiary facts as found by the trial judge.*" *Id.* at 882 (emphasis added). In a § 6G appeal, the single justice looks only to the subsidiary facts found by the trial court judge in the § 6F proceeding. The facts that are pertinent to a § 6F determination are not exclusively or necessarily the same as the facts on which the determination of the claims or defenses in the underlying action were based. The § 6F proceeding requires a separate finding of facts, corollary to the decision on the merits in the underlying action.

Indeed § 6G makes clear that "[t]he payment of any award made pursuant to [§ 6F] shall be stayed until the completion of all appeals relating to the civil action in which the award was made." G. L. c. 231, § 6G. A finding under § 6F may be made and affirmed under § 6G, but any award granted has no freestanding effect until all appeals of the underlying judgment are completed. Where an award pursuant to § 6F is made but the underlying judgment is reversed, the § 6F award is also reversed. See *Strand* v. *Herrick & Smith*, 396 Mass. 783, 791-792 & n.8 (1986). "[I]mplicit in our reversal on the merits is a finding that [the] action was not 'insubstantial, frivolous and not advanced in good faith' within the meaning of c. 231, § 6F." *Id.* at 791 n.8. Although a motion under § 6F may not attack the underlying judgment, a finding and any award made under § 6F nonetheless depends on the vitality of that judgment.

In view of what we have said, we conclude that a § 6F motion is not a distinct cause of action resulting in a judgment that "finally resolves the rights of the parties" but instead is a sui generis and collateral proceeding, separate from but not entirely independent of the judgment. A motion for counsel fees under G. L. c. 231, § 6F, is thus not a judgment within the scope of rule 59(e). Schultz's motion to reconsider the judge's denial of his § 6F motion was accordingly not a motion to alter or amend the judgment and did not stay the appeal period prescribed by G. L. c. 231, § 6G.

Schultz argues in the alternative that, even if his appeal under G. L. c. 231, § 6G, were untimely, he has shown good cause to enlarge the appeal period pursuant to Mass.R.A.P. 14(b), and that the single justice abused his discretion in denying Schultz's motion to enlarge the time to file his appeal. Rule 14(b) of the Massachusetts Rules of Appellate Procedure, as amended, 378 Mass. 939 (1979), states that "[t]he appellate court or a single

justice for good cause shown may upon motion enlarge the time prescribed by these rules." However, "[a]ppellate rule 4(a) also states that a notice of appeal must be filed within the time limits prescribed by any applicable statute." *Manzaro* v. *McCann,* 401 Mass. at 882. Section 6G prescribes that a notice of appeal of a § 6F decision is to be filed "within ten days after receiving notice of the decision thereon."

In *Morales* v. *Appeals Court,* 427 Mass. 1009 (1998), the petitioner failed to file a notice of appeal of a decision denying free-of-charge production of his plea colloquy transcript within the statutory period prescribed by G. L. c. 261, § 27D, and a single justice of this court denied the appeal as untimely. On appeal, the Supreme Judicial Court held that this court "had no authority to grant an extension of time for filing." *Ibid.* at 1010. "[A] statutory appeal period . . . cannot be overridden by a contrary rule of court when the manner and time for effective filing of an appeal are delineated in the statute." *Id.,* quoting from *Friedman* v. *Board of Registration in Med.,* 414 Mass. 663, 665 (1993). The single justice thus lacked jurisdiction to enlarge the time period for Schultz to file an appeal under G. L. c. 231, § 6G, and did not abuse his discretion in denying Schultz's motion.

Finally, and perhaps unsurprisingly in view of the longevity of the controversy, Ben requests double costs for this appeal pursuant to Mass.R.A.P. 25, as amended, 378 Mass. 925 (1979).[4] Under rule 25, "[a]n appeal is frivolous '[w]hen the law is well settled, when there can be no reasonable expectation of a reversal.' " *Allstate Ins. Co.* v. *Reynolds,* 43 Mass. App. Ct. 927, 930 (1997), quoting from *Avery* v. *Steele,* 414 Mass. 450, 455 (1993). The appeal before us concerns an interpretation of G. L. c. 231, §§ 6F and 6G, which had heretofore not been well settled. Schultz's appeal was not frivolous under the standard of Mass.R.A.P. 25, and Ben's request for double costs is denied.

The December 31, 1997, and January 7, 1998, orders of the single justice are affirmed.

*So ordered.*

---

[4]Rule 25 states: "If the appellate court shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee, and such interest on the amount of judgment as may be allowed by law."