Fabricant, Judith, J.
INTRODUCTION
The plaintiff, Donald Corliss, Jr., sued his son, Donald Corliss, III, seeking to recover profits on the sale of certain properties that the plaintiff contends were developed under a partnership between the two men. The defendant denies the existence of a partnership, claiming that the transactions between the parties were actually loans from the plaintiff to the defendant that have been repaid. The defendant has brought counterclaims alleging abuse of process, unfair and deceptive business practices in violation of Chapter 93A, and a claim for costs and attorneys fees pursuant to G.L.c. 231, §6F. Now before the court is the plaintiffs special motion to dismiss the abuse of process and c. 93A counterclaims under the anti-SLAPP statute, G.L.c. 231, §59H, and his motion to dismiss the c. 93A and c. 231, §6F counterclaims for failure to state a claim upon which relief may be granted. After a hearing, and for the reasons that will be explained, the motions will be allowed.
BACKGROUND
The plaintiff and his son, the defendant, entered into a financial arrangement beginning in 1999, the nature of which is a central point of contention between the parties. In this arrangement, the plaintiff provided money to the defendant on several occasions over the next three to four years that was used towards down payments on the purchase of investment properties. The defendant characterizes each of these payments as loans. The plaintiff characterizes the payments as capital contributions to a partnership or joint venture formed between the parties for the purpose of buying and eventually selling investment properties.
The plaintiff claims that the parties orally agreed that at the time of sale of these properties the profit on each sale would be divided evenly between them. The plaintiff contends that the defendant failed to pay him his share of profits on the sale of the properties, as owed under the alleged partnership agreement. The defendant’s answer and counterclaims assert that the money given to the defendant by the plaintiff consisted of loans made by the plaintiff solely in his capacity as the defendant’s father. The defendant asserts that there was no written agreement for these loans and no interest was owed on the funds borrowed. The defendant further alleges that he borrowed a total of $138,000 from the plaintiff and later repaid a sum of $240,000. The answer and counterclaim also state that there was never an agreement between the parties to form a partnership and that the plaintiff had previously denied having any interest in a partnership.
The plaintiff filed suit on January 28, 2008 for: dissolution of partnership and accounting (Count I); breach of fiduciary duty (Count II); unjust enrichment (Count III); and conversion (Count IV). The defendant filed an answer bringing three counterclaims against the plaintiff; abuse of process (Count I); unfair and deceptive business practices in violation of Chapter 93A (Count II); and a claim for costs and attorneys fees pursuant to G.L.c. 231, §6F (Count III). The defendant’s counterclaim for abuse of process is based upon the allegation that the plaintiffs complaint constitutes “processing” and that the plaintiff brought his claims “with the ulterior motive of securing financial gain where there are no legal obligations on the part of the [defendant] to compensate [the plaintiff].” The defendant’s counterclaim under G.L.c. 93A is based on the plaintiff s “asserting and alleging the existence of a partnership which in fact never existed and under *310 the guise of said partnership attempting to extract monies which are not legally due and owing.”
After a hearing on May 8, 2008, this court allowed the plaintiffs motion for a real estate attachment and entered an order approving an attachment on certain properties owned by the defendant in the sum of $1,500,000.00.
DISCUSSION
I. The Plaintiffs Special Motion to Dismiss Pursuant to G.L.c. 231, §59H
The defendant has filed a special motion to dismiss pursuant to the anti-SLAPP statute, G.L.c. 231, §59H. To succeed on a special motion to dismiss under the anti-SLAPP statute, the moving party “must demonstrate, through pleadings and affidavits, that the plaintiffs claims are based on ‘petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities.’ ” Wenger v. Aceto, 451 Mass. 1, 5 (2008), quoting Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 167-68 (1998). If conduct independent of the petitioning activity forms a substantial basis for the claim, the special motion to dismiss must be denied. See Garabedian v. Westland, 59 Mass.App.Ct. 427, 433 (2005); Ayasli v. Armstrong, 56 Mass.App.Ct. 740, 748 (2002). If the moving party successfully makes its showing, “then the burden shifts to the nonmoving party ... to demonstrate, again by pleadings and affidavits, that the moving party’s petitioning activities were ‘devoid of any reasonable factual support or any arguable basis in law’ and the petitioning activities ‘caused actual injury to the responding party.’ ” Wenger, 451 Mass. at 5, quoting G.L.c. 231, §59H. If the non-moving party fails to meet this burden, the claim must be dismissed, and the moving party is entitled to attorneys fees incurred in connection with the claim. G.L.c. 231, §59H.
A. Petitioning Activity
Petitioning activity under the anti-SLAPP statute includes “any written or oral statement made before or submitted to a . . . judicial body; . . . any written or oral statement made in connection with an issue under consideration ... by a judicial body; . . . any statement reasonably likely to enlist public participation in an effort to effect such consideration; ... or any other statement falling within constitutional protection of the right to petition government.” G.L.c. 231, §59H. This definition encompasses all statements made in the context of or in connection with legal proceedings, whether true or false, and regardless of what motivation gave rise to them. Office One, Inc. v. Lopez, 437 Mass. 113, 122-33 (2002); Fabre v. Walton, 436 Mass. 517, 524 (2002); McLarnon v. Jokisch, 431 Mass. 343, 348 (2000). The plaintiffs special motion addresses two of the defendant’s counterclaims: abuse of process (Count I) and violation of G.L.c. 93A, §11 (Count II). An abuse of process claim can survive a special motion to dismiss under the anti-SLAPP statute only if the claim alleges that the party who obtained the issuance of process took some action thereafter, using the process obtained, to further that parly’s ulterior purpose. See Adams v. Whitman, 62 Mass.App.Ct. 850, 855 (2005).
Here, the defendant bases his abuse of process counterclaim on the assertion that claims in the complaint were allegedly brought with ulterior motives and without a basis in law. No conduct is alleged other than the filing of the plaintiffs claims and inclusion of the allegations contained therein. The plaintiff has therefore met his burden of showing that the defendant’s abuse of process claim is based on petitioning activity alone and has no substantial basis other than petitioning activity. See id.
The defendant’s counterclaim under c. 93A is based on the plaintiffs “asserting and alleging the existence of a partnership which in fact never existed and under the guise of said partnership attempting to extract monies which are not legally due and owing.” The only context in which the defendant alleges such assertions were made is in the plaintiffs complaint in the present lawsuit. As such, these activities are indistinguishable from the petitioning activity of filing the present lawsuit. The plaintiff has therefore met his burden of showing that both the abuse of process claim and the c. 93A claim are based solely on petitioning activity.
B. Reasonable Factual Support
The plaintiff having met his burden of showing that the counterclaims in question are based on petitioning activity, the burden shifts to the defendant to show that the plaintiffs claims are “devoid of any reasonable factual support or any arguable basis in law.” G.L.c. 231, §59H; Duracraft Corp., 427 Mass. at 167-68. Here, this court granted a prejudgment attachment on the defendant’s properties in the sum of $1,500,000. The grant of an attachment necessarily encompasses a court’s finding “that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the defendant to be available to satisfy the judgment.” Mass.R.Civ.P. 4.1(c). Thus, the grant of the attachment establishes as the law of this case that the plaintiffs claims have reasonable factual support. See generally, Demoulas Supermarkets, Inc. v. Ryan, 70 Mass.App.Ct. 259, 262 (2007). The plaintiffs motion must therefore be allowed.
II. The Plaintiffs Motion to Dismiss[1]
The plaintiff argues that the defendant’s remaining counterclaim for costs and attorneys fees under G.L.c. 231, §6F, fails to state a claim because this provision does not create an independent claim, but rather makes costs and fees available on motion after judgment. The Court agrees.
*311 Section 6F states:
Upon motion of any party in any civil action in which a finding, verdict, decision, award, order or judgment has been made by a judge or justice or by a juiy, auditor, master or other finder of fact, the court may determine, after a hearing, as a separate and distinct finding, that all or substantially all of the claims, defenses, setoffs or counterclaims, whether of a factual, legal or mixed nature, made by any party who was represented by counsel during most or all of the proceeding, were wholly insubstantial, frivolous and not advanced in good faith. The court shall include in such finding the specific facts and reasons on which the finding is based.
If such a finding is made with respect to a party’s claims, the court shall award to each party against whom such claims were asserted an amount representing the reasonable counsel fees and other costs and expenses incurred in defending against such claims. If the party against whom such claims were asserted was not represented by counsel, the court shall award to such party an amount representing his reasonable costs, expenses and effort in defending against such claims. .
G.L.c. 231, §6F (emphasis added). The Appeals Court has held that “a §6F motion is not a distinct cause of action resulting in ajudgment that ‘finally resolves the rights of the parties’ but instead is a sui generis and collateral proceeding, separate from but not entirely independent of the judgment.” Ben v. Schultz, 47 Mass.App.Ct. 808, 814 (1999). Although Ben and other cases do make passing reference to the possibility of a claim for costs and fees under G.L.c. 231, §6F, having been raised as a claim or counterclaim, see id. at 812; Graves v. Hutchinson, 39 Mass.App.Ct. 634, 645 (1996), the language of the statute and its application in Ben indicate that a demand for costs and fees under G.L.c. 231, §6F, should be made by motion after judgment rather than by a counterclaim. The defendant’s counterclaim therefore will be dismissed, without prejudice to any motion for relief under the statute that may be submitted after a “finding, verdict, decision, award, order or judgment” on the plaintiffs claims. G.L.c. 231, §6F.
CONCLUSION AND ORDER
For the reasons stated', the plaintiffs Special Motion to Dismiss Counterclaims Pursuant to G.L.c. 231, §59H, and the plaintiffs Motion to Dismiss Counterclaims are ALLOWED.

 Having concluded that the c. 93A claim must be dismissed pursuant to G.L.c. 231, §59H, the Court does not reach the plaintiffs argument that that count fails to state a claim on which relief may be granted because the parties’ relationship was not one of trade or commerce.