Connolly, Thomas E., J.
UNDERLYING CASE
This civil action has a long history that grows out of the underlying case of Robert Fronk et al. v. John F. Fowler et al., Middlesex Superior Court C.A. No. 2002-1216, 71 Mass.App.Ct. 502 (2008), 456 Mass. 317 (2010). The underlying case basically involved at the commencement of the trial, five counts, namely, (1) breach of contract, (2) breach of fiduciary duty, (3) fraud and misrepresentation, (4) misappropriation of business opportunity and (5) restitution, that coalesced around three damage claims by the plaintiffs (hereinafter “Fronk Group”) as follows:
1. The first category of damages consisted of the Fronk Group’s contention that the defendants (hereinafter “Fowler Group”) denied them the opportunity to participate in the 1 and 9 East Street properties (business opportunity claim);
2. The second category included the Fronk Group’s contentions that the Fowler Group charged Maple East Associates Limited Partnership excessive fees during their management of the property (related party transactions claims); and
3. The third category consisted of the Fronk Group’s contention that the Fowler Group had intentionally under valued 23 East Street during its sale (valuation claim).
Prior to the trial of the underlying case, the Fronk Group hired a real estate appraisal firm, Coleman and Sons Appraisal Group, LLC and two of its officers, namely Martin Coleman and Robert L. Coleman (hereinafter “Coleman Appraisers”) to offer expert testimony on the business opportunity claim.[1] Coleman Appraisers was never a party in the underlying action. Robert Coleman was the appraiser who furnished the bulk of the services for the Fronk Group. He prepared a report for his expected testimony which was supplied prior to trial to the plaintiffs’ and defendants’ counsel. The report had mistakes in it. Robert also made some mistakes in his testimony before the Court.
The trial judge, Judge Nonnie Burnes, in this 2002 juiy-waived case in her Findings of Fact, Conclusions of Law and Order (33 pages) issued on March 29,2006 found for the Fowler Group on all three claims. On Claim #1 (business opportunity claim) — the Judge found that it was not proven in two ways. She found that the Fowler Group did not commit a breach of the partnership agreement and secondly, she found that the Fowler Group did not violate their fiduciary duty with respect to such opportunities. On Claim #2 (related party transactions claim) — the Judge found that the Fowler Group did not violate their fiduciary duty with respect to such opportunities because the parties had shaped that duty in the terms of the partnership agreement. On Claim #3 (valuation claim) — the Judge found that the valuation of 23 East St. was reasonable, both in light of the Fowler Group’s affirmative evidence and the complete failure by the Fronk Group to contradict it. Thus, Judgment was issued for the Fowler Group on all claims.
In addition, the Judge found that “the plaintiffs’ entire case was wholly insubstantial, frivolous, and not brought in good faith . . . The plaintiffs [Fronk Group] cannot have had a reasonable subjective belief in the merits of this lawsuit, and objectively, there is no reasonable basis.” In making that finding, the Judge recapitulated the total absence of evidentiary or legal support for the plaintiffs’ case and concluded that it was without even a colorable basis in the law. See Robert Fronk et al. v. John F. Fowler et al., 456 Mass. 317, 324-25 (2010). The Judge on a motion from the Fowler Group, under G.L.c. 231, §6F, assessed attorneys fees and expenses against the Fronk Group in the amount of $1,230,941.26.
The Fronk Group appealed the judgment and the award of attorneys fees and expenses. A single justice of the Appeals Court determined that one of the Fronk Group’s claims, that is the plaintiffs’ business opportunity claim was not frivolous and that the award under G.L.c. 231, §6F was not warranted. The single justice ordered that the trial court’s order granting legal fees and expenses be vacated. On appeal, the Appeals Court’s three-judge panel affirmed the order of the single justice. On April 9, 2009, the Supreme Judicial Court allowed a motion for further appellate review and the entire case was entered on the Supreme Judicial Court docket on May 13, 2009. On March 25, 2010, the Supreme Judicial Court reversed the single *42 justice’s and the three-judge panel’s Order which had vacated the trial court’s orders on the award of legal fees and expenses. Robert Fronk et al v. John F. Fowler et al., 456 Mass. 317 (2010). The Supreme Judicial Court reinstated the Order of the trial Judge in the granting of legal fees and expenses under G.L.c. 231, §6F.[2]
PRESENT CASE
After the Fronk Group lost the juiy-waived trial and had $1,230,941.26 in attorneys fees and costs assessed against them under G.L.c. 231, §6F, it made a claim, without filing a lawsuit, against Coleman Appraisers for negligence in the preparation of its report and in Robert Coleman’s testimony at the trial. Coleman Appraisers was insured by CNA Insurance Company. The negligence claim was settled by payment by CNA Insurance of $300,000.00 to the Fronk Group. As a condition of the settlement and as contained in the release, the Fronk Group reserved any right to seek “indemnity” and/or “contribution” from the Coleman Appraisers on the G.L.c. 231, §6F legal fees awarded against the Fronk Group for punitive and compensatory reasons.[3]
The plaintiffs in this case, namely the Fronk Group, have instituted this civil action against the defendants, Coleman Appraisers, seeking “indemnity” and “contribution” on the G.L.c. 231, §6F legal fees assessed against them in the underlying case. Coleman Appraisers has filed a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6). The issue, for purposes of the present motion, is: Does the Fronk Group’s complaint in Count I (Indemnity) and in Count II (Contribution) state a claim against the Coleman Appraisers upon which relief may be granted under Mass.R.Civ.P. 12(b)(6)?
I. THE NATURE OF A CLAIM FOR ATTORNEYS FEES UNDER G.L.c. 231, §6F AND ITS APPLICATION TO THE PRESENT CASE
Judge Nonnie Burnes found that Fronk Group’s entire case “was wholly insubstantial, frivolous, and not brought in good faith.” The absence of good faith can be found in a party’s knowledge or having reason to know that its claim lacks any substantial factual support or legal support. Judge Burnes explicitly found that the Fronk Group could not have had a reasonable subjective belief in the merits of the lawsuit and objectively there was no reasonable basis. Furthermore, Judge Burnes found that the Fronk Group, “stubbornly pursued the lawsuit even when discovery showed beyond peradventure that there had never been any basis for it.”
A claim for attorneys fees under G.L.c. 231, §6F is not compensation resulting from the injury or harm giving rise to the cause of the action, but is compensation for the effort of defending against the disputed claim. Ben v. Schultz, 47 Mass.App.Ct. 808, 813 (1999). A motion brought under c. 231, §6F is not part of the merits of the underlying action but is collateral to the judgment entered in that action. Id. at 813. A motion under §6F is not a distinct cause of action resulting in a judgment that finally resolves the rights of the parties, but instead is sui generis and a collateral proceeding and separate from but not entirely independent of the judgment. Id. at 814.
A motion for attorneys fees under §6F is a statutory right created by the Massachusetts General Court and is an exception to the “American Rule” on attorney fees. “The usual rule in Massachusetts is that a litigant must bear his own expenses . . . the so-called American rule.” Wilkerson v. Citation Insurance Company, 447 Mass. 663, 669 (2006). In discussing the “American rule” and the award of attorneys fees under c. 231, §6F, the Court stated in Waldman v. American Honda Motor Co., 413 Mass. 320, 324, n.10 (1992):
[I]n enacting G.L.c. 231, §6F, the Legislature expressed its intention that fees and costs in excess of statutory costs be taxed against the litigants who advance arguments that are “wholly insubstantial, frivolous and not advanced in good faith.” G.L.ch. 231, §6F. We note that the punitive effect of ch. 231, §6F would be undermined if costs in excess of statutory costs were granted as ordinary costs under G.L.c. 261, §1. (Emphasis added.)
Therefore, a person may use the c. 231, §6F procedure when that person has defended a case which has been brought against him, which case is wholly insubstantial, frivolous and not advanced in good faith. If the Court so finds the case to have been wholly insubstantial, frivolous and not advanced in good faith, the Court is required to award reasonable attorneys fees to the parties who have defended against the claims. G.L.c. 231, §6F (“[T]he Court shall award to each party against. . .”) (emphasis added).
Here, when the award was made against the Fronk Group, it was meant to be punitive to the Fronk Group and compensatory to Fowler Group and the obligation to pay it belongs to the Fronk Group alone. The Fronk Group was the only party who filed the underlying case and who tried the case to a conclusion. Nobody else was responsible for the commencement, the discovery, the trial, the first appeal of this case, and now the second appeal. It was the decisions of the Fronk Group that caused the §6F award against it.
Notwithstanding the above, the Fronk Group in signing the release given to the Coleman Appraisers for $300,000 reserved the right to pursue any claim for “indemnity” or “contribution” which the Fronk Group may have had against the releasees, the Coleman Appraisers, as a result of the award of attorneys fees by Judge Burnes against the Fronk Group.
*43 II. THE “INDEMNITY” COUNT DOES NOT STATE A CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED UNDER MASS.RCiv.P. 12(b)(6).
Indemnity claims may be based on contractual indemnity or common-law indemnity. There is no evidence in this case of any contractual indemnity[4] and hence the Fronk Group is left with what is known as common-law indemnity.
“[Common-law] indemnity is permitted only when one does not join in the negligent act but is exposed to derivative or vicarious liability for the wrongful act of another. In such cases, the Court has held that the plaintiffs in indemnity actions had no participation in the negligence of the defendants. Their subsequent negligence was rather constructive than actual. Thus they were allowed to recover when they did not join in the act although they became liable in consequence of it.” Stewart v. Roy Bros., Inc., 358 Mass. 446, 459 (1970).
Here, the purpose of awarding of G.L.c. 231, §6F counsel fees was an attempt to punish the Fronk Group for bringing and prosecuting a frivolous lawsuit and was an attempt to compensate the Fowler Group for the enormous but reasonable legal fees that it cost them to defend the underlying action. There is nothing to indicate that the actions of the Fronk Group could be deemed derivative or vicarious. The Fronk Group initiated, continued, tried, and appealed the underlying case to the Appeals Court and to the Supreme Judicial Court. These actions are what caused the large amount of legal fees to be awarded under G.L.c. 231, §6F. The fault lands solely in the lap of the Fronk Group and there only. Indemnity of legal fees under G.L.c. 231, §6F has no application under the facts of this case. The payment of the 6F legal fees is the sole responsibility of the Fronk Group. Or as stated above, “[ajttomey’s fees under Ch. 231, §6F are not compensation resulting from the injury [or harm] giving rise to the cause of action, but is compensation for the effort of defending against the disputed claim.” Ben, 47 Mass.App.Ct. at 813.
This Court rules as a matter of law that under the facts of this case the Fronk Group may not seek indemnification from Coleman Appraisers on the G.L.c. 231, §6F legal fees awarded against it. The penalty imposed on the Fronk Group was for its actions alone.
III. THE “CONTRIBUTION” COUNT DOES NOT STATE A CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED UNDER MASS.RCiv.P. 12(b)(6)
The right of contribution under common law did not exist. The Massachusetts Legislature in 1962 enacted a statute providing for contribution among joint tort-feasors. G.L.c. 231B, §1-4. ‘The test of joint liability for negligence has been articulated as follows: If two or more wrongdoers negligently contribute to the personal injury [or harm] to another by their several acts, which operate concurrently, so that in effect the damages suffered are rendered inseparable, they are jointly and severally liable . . . The litmus test consists of concurrent negligence and inseparable damages.” Nolan and Sartorio, TortLaw, Massachusetts Practice, Chapter 25, §25.1, p. 207 (3rd Ed., 2005).
The claim for contribution that the Fronk Group is attempting to assert is based on its violation of G.L.c. 231, §6F. A finding of a violation of G.L.c. 231, §6F, however, is simply a device which gives the trial judge the power to award attorneys fees to a defendant who has defended a case brought against it which was wholly insubstantial, frivolous and not brought in good faith. There simply is no cause of action for contribution by the Fronk Group against the Coleman Appraisers for legal fees awarded against the Fronk Group under c. 231, §6F.
This Court finds that under the facts of this case that the Fronk Group has failed to state a claim upon which relief may be granted on the contribution claim, and that said claim must be dismissed along with the common-law indemnification claim. There are no legally viable indemnity or contribution claims against the Coleman Appraisers by the Fronk Group. The responsibility for the payment of these G.L.c. 231, §6F legal fees rests solely on the Fronk Group.
ORDER
The Motion of the Defendants, Martin Coleman, Robert L. Coleman and Coleman & Sons Appraisal Group, LLC, to Dismiss the Complaint of the Plaintiffs, Robert Fronk, Jack Saltiel, and Mafia Walter, for failure to state a claim upon which relief may be granted is ALLOWED in full as to both Counts I and II.

 Coleman Appraisers was not retained to provide expert testimony on the related party transactions claims and the valuation claim.

After the Supreme Judicial Court’s opinion, a dispute arose between the parties concerning the calculations for interest on the award of attorneys fees. The matter was heard by Judge Staffier-Holtz and she issued her decision in a Memorandum on January 18, 2011, which decision was appealed by the defendants to the single justice of the Appeals Court. After hearing, the single justice of the Appeals Court on February 18, 2011 reported the case to the full court of the Appeals Court. The case was entered on March 4, 2011, and it awaits assignment for argument before a three-judge panel of the Appeals Court.

Although the Fronk Group gave up its rights to bring a direct negligence case against the Coleman Appraisers, as that claim was the subject of the settlement by CNA Insurance, the release states that the parties understand that any action for indemnification and/or contribution may be predicated upon a theory of alleged negligence, tort or breach arising from the actions or omissions of one or more of the releasees.

There is no indemnification clause in any contract entered into between the Fronk Group and Coleman Appraisers.