NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

18-P-13                                              Appeals Court

ERIC HOLMES  vs.  FAWN ANDERSEN & another.[1]


No. 18-P-13.

Suffolk.      October 11, 2018. - November 9, 2018.

Present:  Green, C.J., Hanlon, & Maldonado, JJ.


Practice, Civil, Attorney's fees, Costs, Appeal, Dismissal of
     appeal.  Notice, Timeliness.



Civil action commenced in the Superior Court Department on November 13, 2012.

Following review by this court, 89 Mass. App. Ct. 1110 (2016), a motion for attorney's fees and costs was heard by Heidi E. Brieger, J., and a motion to dismiss the appeal was also heard by her.

Michael J. Traft for the plaintiff.
Daniel J. Pasquarello for the defendants.


GREEN, C.J.  This appeal raises several procedural

questions concerning appeals of orders allowing attorney's fees

pursuant to G. L. c. 231, § 6F.  A judge of the Superior Court

_____

[1] Bjorn Andersen.

dismissed the plaintiff's appeal of such an order, on the ground that his notice of appeal was untimely.  We affirm.

Background.  This litigation began with the plaintiff's complaint challenging the issuance of a building permit to the defendants for the construction of an addition to a residence. A judge of the Superior Court allowed the defendants' motion for summary judgment, and a panel of this court affirmed the ensuing judgment.  See Holmes v. Andersen, 89 Mass. App. Ct. 1110 (2016).  The defendants then moved for an award of attorney's fees incurred in defense of that action, pursuant to G. L. c. 231, § 6F.[2]  The judge allowed the motion and, in a memorandum of decision and order dated November 15, 2016 (decision), awarded attorney's fees and costs in the amount of $84,000 to the defendants.  That decision was entered on the Superior Court docket on November 23, 2016, and was mailed to the parties the same day.  Both parties received the decision on November 28, 2016.  The record also includes a separate "judgment," dated November 23, 2016, reflecting the award of fees; it was entered on the docket and mailed to the parties on November 28, 2016.

---

[2] General Laws c. 231, § 6F, directs an award of fees upon a determination, after hearing, "that all or substantially all of the claims, defenses, setoffs or counterclaims, whether of a factual, legal or mixed nature, made by any party who was represented by counsel during most or all of the proceeding, were wholly insubstantial, frivolous and not advanced in good faith."

On December 12, 2016, fourteen days after receiving the decision on the fee award, the plaintiff filed with the Superior Court a notice of appeal from the "judgment on attorneys fees and costs . . . and all related orders on this issue."  On June 20, 2017, the Superior Court clerk sent notice of assembly of the record and, on June 28, 2017, the appeal was entered in the single justice session of this court.  In the meantime, however, on June 27, 2017, the defendants had filed in the Superior Court a motion to dismiss the appeal.  A single justice of this court allowed the defendants' motion to stay the appeal, pending action by the Superior Court on their motion to dismiss the appeal.  On September 6, 2017, the Superior Court judge allowed the defendants' motion to dismiss the appeal.  This appeal from the order of dismissal followed.

Discussion.  Appeals from an order awarding attorney's fees under § 6F are governed by G. L. c. 231, § 6G, the provisions of which are set out in the margin.[3]  In pertinent part, § 6G

------

[3] General Laws c. 231, § 6G, states:

"Any party aggrieved by a decision on a motion pursuant to [G. L. c. 231, § 6F,] may appeal as hereinafter provided. If the matter arises in the superior, land, housing or probate court, the appeal shall be to the single justice of the appeals court at the next sitting thereof.  If the matter arises in the appeals court or before a single justice of the supreme judicial court, the appeal shall be to the full bench of the supreme judicial court.  The court deciding the appeal shall review the finding and award, if any, appealed from as if it were initially deciding the

requires a party appealing from an order awarding attorney's fees to file a notice of appeal from such an order "within ten days after receiving notice of the decision thereon."  In the present case, the plaintiff received notice of the decision on November 28, 2016; accordingly, to be timely his notice of appeal was required to be filed by December 8, 2016.  The plaintiff filed his notice of appeal on December 12, 2016, four days beyond the required deadline.

On appeal from the order of dismissal, the plaintiff raises several claims; we address each in turn.

The plaintiff first contends that the ten-day appeal period created by § 6G is actually thirteen days, by reason of the

---

matter, and may withdraw or amend any finding or reduce or rescind any award when in its judgment the facts so warrant.

"Any party may file a notice of appeal with the clerk or register of the court hearing the motion within ten days after receiving notice of the decision thereon.  The clerk or register shall then forward the motion, the court's findings and award, and any other documents relevant to the appeal to the clerk of the court deciding the appeal who, upon receipt thereof, shall refer the matter to the court for speedy decision and shall notify the parties of such decision, which shall be final.  Any appeal to the supreme judicial court or the appeals court shall proceed according to the Massachusetts Rules of Appellate Procedure; any appeal to a single justice of the Appeals Court shall proceed under the rules for the regulation of practice before a single justice of that court.  The payment of any award made pursuant to [§ 6F] shall be stayed until the completion of all appeals relating to the civil action in which the award was made."

operation of Mass. R. Civ. P. 6 (d), 365 Mass. 747 (1974), which provides that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other papers upon him and the notice or paper is served upon him by mail, [three] days shall be added to the prescribed period." As a threshold matter, we observe that the ten-day appeal period, created by statute, cannot be varied by court rule. See Ben v. Schultz, 47 Mass. App. Ct. 808, 809, 815 (1999). In any event, the rule does not apply by its terms to the appeal period established by § 6G, since that statute provides that the prescribed time runs from the date of receipt of notice, not from the date of service.[4]

The plaintiff next suggests that the appeal period should be calculated from the date on which he received the judgment, rather than the date on which he received the decision.[5] The

---

[4] Even in those settings in which rule 6 (d) applies, we note that the rule calculates additional time from the date of service, which is complete upon mailing. See Mass. R. Civ. P. 5 (b), 365 Mass. 745 (1974). Adding three days to the date on which the decision was mailed before starting the ten-day appeal period would produce no benefit for the plaintiff, since the decision was mailed on November 23, 2016, and he did not file his notice of appeal until December 12, 2016.

[5] We note that neither § 6F nor the rules of civil procedure make any provision for the entry of a separate judgment on an order awarding attorney's fees under § 6F. We have held that a § 6F motion is a collateral proceeding, and "not a distinct

argument finds no support in the language of § 6G, which provides clearly that the appeal period runs from the date on which the appealing party receives notice of the decision. Moreover, the plaintiff has offered nothing to establish that he received notice of the judgment on or after November 30, 2016, the earliest date that would bring his notice of appeal within the required appeal period (even were we to adopt his suggestion).[6]

Finally, there is no merit to the plaintiff's suggestion that it would have been "more appropriate" for the single justice, rather than the Superior Court judge, to determine the timeliness of his notice of appeal. It is unclear whether the plaintiff contends that the entry of the appeal on the single justice docket operated to deprive the Superior Court of jurisdiction over the case, or whether he contends that only this court may dismiss an appeal upon determination that the notice of appeal was untimely. The former proposition is incorrect, in light of the well-developed body of law supporting the propriety of staying an appeal in this court to allow the

---

cause of action resulting in a judgment." Ben, 47 Mass. App. Ct. at 814.

[6] December 12, 2016, the date on which the plaintiff filed his notice of appeal, was a Monday, the first business day following the tenth day after November 30, 2016. See G. L. c. 4, § 9.

trial court to address matters pending there.  See, e.g.,

Commonwealth v. Montgomery, 53 Mass. App. Ct. 350, 353-354 & n.7

(2001); Springfield Redev. Auth. v. Garcia, 44 Mass. App. Ct.

432, 434-435 (1998).  In the present case, by staying the appeal

in this court pending action on the motion to dismiss the appeal

filed in Superior Court, the single justice expressly recognized

the authority of the Superior Court judge to act on that motion.

Strictly speaking, the order of the Superior Court judge

allowing the motion to dismiss the appeal is best understood as

one striking the late-filed notice of appeal; the appeal itself

is dismissed by docket entry on this court's docket, following

the determination by the Superior Court judge that the notice of

appeal was untimely.  In any event, even if the plaintiff were

correct in his premise it would avail him nothing.  The record

before us establishes that the notice of appeal was untimely and

required dismissal of the appeal, whether by the Superior Court

judge or by a panel of this court.[7,8]

---

[7] To the extent that the plaintiff protests that he should
have been allowed to make a showing of excusable neglect to
justify an enlargement of time, the argument is misplaced; he
has presented no evidence of excusable neglect and, as we have
observed, because the appeal period is established by statute
rather than rule of court, it cannot be enlarged, regardless of
any such evidence he might present.  See Ben, 47 Mass. App. Ct.
at 814-815.

[8] We decline the defendants' motion for an award of their
appellate attorney's fees.  Although we have concluded that the
plaintiff's claims are without merit, we do not consider them

_Order dismissing appeal_
_affirmed_.

---

frivolous.  In particular, we observe that there previously was no published appellate authority squarely addressing the question whether the issuance of a separate (albeit superfluous) judgment on an order for attorney's fees under § 6F would cause the appeal period to run from receipt of it, rather than from the fee award order itself.