JOHN MANZARO & another[1] *vs.* KATHLEEN McCANN.

Worcester. January 5, 1988. — March 16, 1988.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Summary Process,* Appeal. *Landlord and Tenant,* Reprisal by landlord, Eviction, Quiet enjoyment. *Damages,* Breach of covenant of quiet enjoyment, Consumer protection case, Attorney's fees. *Consumer Protection Act,* Landlord and tenant, Damages, Attorney's fees.

In a summary process action under G. L. c. 239 in which the landlord did not file a notice of appeal from a judgment awarding the tenant relief on her counterclaim within ten days of the judgment as prescribed by G. L. c. 239, § 5, but, instead, filed a timely motion to alter or amend the judgment pursuant to Mass. R. Civ. P. 59 (e), which was denied on September 30, 1986, the landlord's notice of appeal filed on October 6, 1986, was timely where, as provided by Mass. R. A. P. 4 (a), the time for appeal ran from the entry of the order denying the motion under rule 59. [881-882]

A landlord's increasing a tenant's rent for her oral refusal to sign a lease with "an offensive clause" concerning lead paint, although hardly commendable, did not constitute a "reprisal" under G. L. c. 186, § 18, where the landlord's retaliatory act was neither a response to the tenant's having commenced any legal proceeding to enforce her rights, nor a response to any written complaint by her to the landlord. [882-884]

On appeal by the landlord in a summary process action from that portion of the judgment which awarded the tenant three months' rent on her counterclaim alleging that the landlord's failure, for more than a day, to silence the smoke alarms in her building, when the alarms sounded on a Sunday, was an interference with her quiet enjoyment of the leased premises in violation of G. L. c. 186, § 14, this court declined to disturb the judge's award of damages. [884-885]

SUMMARY PROCESS. Writ in the Worcester County Division of the Housing Court Department dated July 29, 1986.

_____

[1] Loreen Manzaro. The judge below referred to the landlord in the masculine singular. We shall do likewise.

The case was tried before *John G. Martin*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Herbert F. Travers, III,* (*Mark W. Bloom* with him) for the plaintiffs.

*Eric Avildsen* for the defendant.

WILKINS, J. The plaintiff landlord commenced a summary process action against the defendant tenant, who in response filed a counterclaim. A judge of the Housing Court ordered judgment for the tenant on the landlord's summary process claim and then awarded the tenant damages against the landlord on her counterclaim under G. L. c. 186, §§ 14 and 18 (1986 ed.), and under G. L. c. 93A (1986 ed.). The landlord has appealed, challenging only those aspects of the judgment which awarded the tenant relief on her counterclaim. We transferred the appeal here on our own motion. We reject the tenant's argument that the landlord did not file a timely appeal. We agree with one aspect of the landlord's challenge to the judgment for the tenant on her counterclaim.

The landlord purchased the premises in March, 1986, and presented the tenant with a lease which contained a provision that the "[t]enant assumes any medical, legal and labor costs for problems with lead paint and or removal of lead paint." The tenant was the only tenant who refused to sign the lease. The landlord sought a $100 rent increase only from her, but she did not pay it. In July, 1986, the landlord sent her a notice to quit which the court held was deficient.

Before we may consider the landlord's substantive objections to judgment for the tenant on her counterclaim, we must dispose of the tenant's argument that the landlord did not file a timely appeal.

1. The tenant argues that because the landlord's appeal was not timely, it must be dismissed. Under G. L. c. 239, § 5, an appeal from a housing court's judgment in an action under G. L. c. 239 (summary process for possession of land), "including a judgment on a counterclaim," must be filed with that court "within ten days after the entry of . . . judgment." The landlord did not file an appeal from the judgment in favor of the

tenant within ten days of the September 3, 1986, judgment. Instead he filed a motion pursuant to Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974), to alter or amend the judgment. That rule 59 (e) motion was filed on September 12, 1986, within ten days from judgment as directed by that rule. Appellate rule 4 (a) provides that, when a timely motion pursuant to rule 59 to alter or amend a judgment is filed, the time for appeal for all parties shall run from the entry of the order granting or denying the motion. Mass. R. A. P. 4 (a), as amended, 393 Mass. 1239 (1985). Appellate rule 4 (a) also states that a notice of appeal must be filed within the time limits prescribed by any applicable statute. Here, the judge denied the landlord's rule 59 motion on September 30, 1986, and the notice of appeal was filed on October 6, 1986, within the ten-day statutory limit prescribed by G. L. c. 239, § 5. The notice of appeal was, therefore, seasonably filed.[2]

2. The judge ruled that the landlord had violated G. L. c. 186, § 18, by increasing the tenant's rent in reprisal for her refusal to sign the lease with "an offensive clause" concerning lead paint. The judge awarded her three months' rent under § 18. Section 18, which in relevant part is set forth in the

---

[2] The 1985 amendment to appellate rule 4 (a) expressly provides that any notice of appeal filed before disposition of a rule 59 (e) motion "shall have no effect." If the landlord had filed a notice of appeal within ten days of the judgment, it would have been of "no effect," and a new notice of appeal would have been required after action disposing of the rule 59 (e) motion.

It is reasonably clear that the drafters of the Uniform Summary Process Rules (1980) recognized that a notice of appeal in a summary process action need not be filed until after action is taken on a timely rule 59 (e) motion. The commentary to summary process rule 11 notes that "the running of time for appeal in summary process actions is not affected by the filing of a motion under Rule 60 [a motion for relief from judgment]." Commentary to Uniform Summary Process Rule 11, Mass. Ann. Laws at 249 (1980). Rule 60 motions are not mentioned in appellate rule 4 (a) (nor were they mentioned in rule 4[a] before its 1985 amendment), but rule 59 (e) motions (and others) are. If the drafters of the summary process rules had thought rule 59 (e) motions, like rule 60 motions, did not stay the time for appeal, presumably they would have said so. Thus, it appears they contemplated that tenants as well as landlords may delay the running of the time within which to claim an appeal by filing a rule 59 (e) motion. If this process is abused, an appropriate rule change can be made.

margin,[3] in general terms imposes liability on one who threatens
or takes reprisals on a residential tenant who has done certain
things, such as seeking relief in any judicial or administrative
action because of a violation of the tenant's legal rights or
complaining in writing to the landlord concerning such a vio-
lation.

Although we hardly commend the landlord's actions, his
reprisal because of the tenant's oral refusal to sign the lease
does not justify an award of damages under § 18. The tenant
did not commence any proceeding to enforce her rights as a
tenant as to which the landlord's response was a reprisal. Nor
did she complain in writing to the landlord concerning the
violation of her rights as a tenant. Citing *Scofield* v. *Berman
& Sons,* 393 Mass. 95, 110-114 (1984), the tenant urges us
to fall in line with the general spirit of § 18 and not to read
its provisions to be restrictive. The Legislature has expressly
required a complaint to a landlord to be in writing as a condition
to the landlord's reprisal being actionable. We must accept that

---

[3] "Any person or agent thereof who threatens to or takes reprisals against
any tenant of residential premises for the tenant's act of, commencing,
proceeding with, or obtaining relief in any judicial or administrative action
the purpose of which action is to obtain damages under, or otherwise
enforce, any federal, state or local law, regulation, by-law or ordinance,
which has as its objective the regulation of residential premises; or exercising
the tenant's rights pursuant to section one hundred and twenty-four D of
chapter one hundred and sixty-four; or reporting to the board of health or,
in the city of Boston to the commissioner of housing inspection or to any
other board having as its objective the regulation of residential premises a
violation or a suspected violation of any health or building code or of any
other municipal by-law or ordinance, or state or federal law or regulation
which has as its objective the regulation of residential premises; or reporting
or complaining of such violation or suspected violation in writing to the
landlord or to the agent of the landlord; or for organizing or joining a
tenants' union or similar organization shall be liable for damages which
shall not be less than one month's rent or more than three month's rent, or
the actual damages sustained by the tenant, whichever is greater, and the
costs of the suit, including a reasonable attorney's fee."

judgment.[4] The landlord's reprisal was not one for which § 18 allows damages.[5]

3. The judge found that on a Sunday early in June, 1986, the landlord was notified that the smoke alarms in the apartment building were sounding. The landlord responded that he would get to it on Monday (which he did). The judge found that the landlord's failure to silence the smoke alarms in a timely manner was an interference with the tenant's quiet enjoyment of the leased premises (in violation of G. L. c. 186, § 14). He awarded her three months' rent. The landlord argues that the interference was a minor inconvenience and did not amount to interference with the tenant's right of quiet enjoyment.

A landlord will be liable for interference with quiet enjoyment if he causes or authorizes acts which result in "substantial injury to the tenant in the peaceful enjoyment of the demised premises." *Winchester* v. *O'Brien,* 266 Mass. 33, 37 (1929). The covenant of quiet enjoyment protects the "tenant's right to freedom from serious interferences with his tenancy." *Simon* v. *Solomon,* 385 Mass. 91, 102 (1982). See *Leardi* v. *Brown,* 394 Mass. 151, 167 (1985). Landlord-caused noise may be sufficient to support a claim for interference with a tenant's right to quiet enjoyment. See *Blackett* v. *Olanoff,* 371 Mass. 714, 715 (1977). Cf. *Winchester* v. *O'Brien, supra* at 37-38 (noise from remodeling of building in which tenant's offices were located, combined with confusion and dirt created thereby, was substantial interference with tenant's enjoyment of premises).

---

[4] The *Scofield* case held that a landlord's refusal to permit a tenant to remain as a tenant at will after expiration of her lease was a reprisal for her reporting the landlord's unlawful rent increase to a rent board. *Id.* at 114. Section 18 does not define "reprisal," and the court gave the word a construction consistent with the legislative purpose. For the case now before us the statute is explicit and leaves no room for judicial construction in favor of the.tenant.

[5] The Legislature has expanded the scope of § 18 from time to time since its enactment by St. 1969, c. 701. See St. 1972, c. 99; St. 1973, c. 858; St. 1978, c. 149.

We need not consider whether the judge was correct in trebling the § 18 damages pursuant to G. L. c. 93A, § 9 (1986 ed.), in effect awarding the tenant nine months' rent.

We cannot say the judge's conclusion to award damages under § 14 was wrong. We do not have a transcript of the evidence, and the only question before us on this issue is whether, as a matter of law, the noise of an alarm ringing for more than one day could not support a finding of a breach of the tenant's right to quiet enjoyment. The ringing for a day of an alarm which, we infer, was adequate to alert a sleeping tenant in the event of fire cannot be said as a matter of law never to be sufficient interference to justify relief under § 14.

4. The landlord does not object to the award of $25 in damages under G.L. c. 93A, based on his inclusion of the lead paint clause in the lease. The tenant, who represented herself at the trial, is entitled to reasonable attorney's fees on appeal under G. L. c. 93A, § 9 (see *Leardi* v. *Brown,* 394 Mass. 151, 168 [1985]), and under G. L. c. 186, § 14 (*Darmetko* v. *Boston Hous. Auth.,* 378 Mass. 758, 763 [1979]).

5. The judgment is vacated and the case is remanded to the Housing Court where judgment shall be entered for the tenant McCann on her G. L. c. 186, § 14, claim and on her G. L. c. 93A claim based on the inclusion of the lead paint clause in the lease. On remand, consideration should also be given to granting reasonable attorney's fees for the aspects of the landlord's appeal on which the tenant prevailed.[6]

*So ordered.*

---

[6] The tenant has asked for attorney's fees in her brief. The fact that she does not refer explicitly to her right to attorney's fees under § 14 should not bar her from recovering them under § 14, as well as under G. L. c. 93A, § 9, to which her brief does refer.