Singh, J.
The sole question presented by this appeal is whether a landlord is entitled to possession where a money judgment enters in favor of the tenant for claims that are unrelated to the condition of the premises.
In this summary process case, the plaintiff-landlord brought this action to evict the defendant-tenant when she failed to vacate after a 30-day notice to quit The tenant, who had been living in the unit for four years, counterclaimed for violation of the security deposit law, G.L.c. 186, §15B, and the consumer protection law, G.L.c. 93A, §9. After trial, the court found that the landlord had properly terminated the tenancy, but had violated the security deposit law and the consumer protection law by (1) failing to provide the tenant with annual interest on her security deposit, and (2) failing to provide the tenant with a written statement of conditions at the inception of the tenancy. See G.L.c. 186, §15B; G.L.c. 93A, §9; 940 CMR §3.17(4) (c) and (e). As the tenant had failed to provide evidence of actual damages, the court awarded her nominal damages of $25.00 as to each violation for a total of $50.00; the court awarded possession to the landlord.
The tenant appeals, arguing that the court erred in awarding possession to the landlord where she obtained a money judgment in her favor. We agree. Section 8A of G.L.c. 239 provides:
There shall be no recovery of possession under this chapter if the amount found by the court to be due the landlord equals or is less than the amount found to be due the tenant or occupant by reason of any counterclaim or defense under this section.
The plain language of the statute forbids the landlord from recovering possession where he is found to owe the tenant money. “The statute does not limit the possible counterclaims to those relating to the physical condition of the premises.” Lawrence v. Osuagwu, 57 Mass. App. Ct. 60, 64 (2003). The judgment in favor of the landlord for possession is reversed.