Crane, J.
This is an appeal from a judgment in a summary process action following a bench trial. The court found for the defendants (“tenants”) for possession and also awarded damages on counterclaims for violation of the security deposit laws and for retaliation involving lead paint. The plaintiff (“landlord”) appeals only from the awards of damages for retaliation involving lead paint under G.L.c. Ill, §199A, and G.L.c. 239, §8A. The landlord has not appealed from the finding for possession for the tenants or the award of damages to the tenants for the security deposit violation.
Facts. Based upon the findings of the trial judge, we summarize the facts as follows. The landlord is the owner of a two-family house located at 126 Oakwood Avenue, Revere, Massachusetts (“the Premises”). On March 8, 2014, the landlord and tenants, Lina Arroyo and Juan Carlos, executed a written lease for the tenants to occupy the premises for monthly rent of $1,700.00, due on the first day of each month. The tenants also paid a security deposit of $1,700.00 to the landlord. The tenants took occupancy of the Premises on March 15,2014.
The original lease executed by the parties contained the following provision concerning occupancy of the Premises:
6. OCCUPANTS: Guest(s) staying over 15 days without the written consent of OWNER shall be considered a breach of this agreement. ONLY the following individuals and/or animals, AND NO OTHERS shall occupy the subject residence for more than 15 days unless the expressed written consent of OWNER is obtained in advance_.
The landlord testified at trial that soon after the tenants took possession, he saw a woman and baby at the Premises regularly. The landlord questioned the tenants about this and told them that only the tenants, their son (age unknown), and a brother of one of the tenants could live at the Premises. He told the tenants that the woman and baby were not permitted to live at the Premises. The trial judge did not make any finding about the credibility of this testimony. However, he did find that at the time of the execution of the lease, the tenants had a child under the age of six.
*172 Soon after, the landlord made efforts to get the tenants to leave the Premises. The parties entered an agreement for the tenants to surrender possession and leave the Premises by June 1,2014. When the tenants did not leave, the landlord served a notice to quit on June 17,2014, and commenced this summary process action on August 18, 2014. The tenants were current in their payment of rent at all times material to this action.
At the trial of this action, the landlord offered a version of the lease that contained the following additional handwritten provision in paragraph six:
4 PEOPLE MAX TO OCCUPY PROPERTY. NO CHILDREN UNDER THE AGE OF 6 ALLOWED.
The court found that this language was added after the lease had been executed and without the consent or knowledge of the tenants. The court went on to find that the landlord knowingly and intentionally created this false document after he had determined that the tenants were aware that the lead paint restrictions would apply to their tenancy.
The landlord claimed the tenants were violating this provision and asserted this violation to be the breach of lease that supported terminating the tenancy and evicting the tenants. The court found that the tenants never agreed or consented to this second version of the lease that contained these handwritten terms and that the landlord prepared and offered it into evidence without ever obtaining the tenants’ agreement.
The trial judge awarded the tenants damages of $1,700.00 and $3,400.00 because the landlord began this action in retaliation for the tenants asserting their rights under the lead paint statute in violation of G.L.c. Ill, §199A, and G.L.c. 239, §8A, respectively. The landlord appeals each of these awards.
Discussion. The landlord contends that the trial judge could not award damages under G.L.C. 111, §199A, because G.L.C. 186, §18, only protects tenants from retaliation who have complained to a landlord in writing or sought to enforce rights in judicial or administrative proceedings. He relies upon Manzaro v. McCann, 401 Mass. 880 (1988), in taking this position.
We hold that such actions by a tenant are not a prerequisite to protection from unlawful conduct by a landlord that G.L.c. Ill, §199A, prohibits and specifically declares to be a violation of G.L.c. 186, §18. In pertinent part, G.L.c. Ill, §199A, states:
(b) Refusing to rent to families with children in violation of paragraph eleven of section four of chapter one hundred and fifty-one B shall not constitute compliance with the lead law and regulations.
(c) Refusing to renew the lease of or evicting families with children shall not constitute compliance with the lead law and regulations. Such evictions shall also constitute a violation of section two of chapter ninety-three A and section eighteen of chapter one hundred and eighty-six.
Under the current circumstances, the lease provision clearly violates G.L.c. Ill, §199A. Furthermore, the landlord’s actions to terminate the tenancy and bring an action for an alleged violation of this provision were unlawful and a violation of G.L.c. 186, §18. This is especially appropriate where the sole ground that the landlord used *173 for terminating the lease and seeking eviction of the tenants was the provision prohibiting children contained in the document that the trial court found that the landlord falsely created and submitted to the court.
The landlord’s reliance on Manzaro v. McCann, is misplaced because the retaliation alleged in that case occurred in or about July, 1986. Id. at 881. The Legislature amended the provisions of G.L.c. 111, §199A, under which the current trial judge awarded damages, effective January 15, 1988. St 1987, c. 773, §9. Since that amendment neither the Supreme Judicial Court nor any other appellate court has considered whether G.L.c. Ill, §199A, as amended, protects tenants such as the defendants who do not fulfill the prerequisites set forth in Manzaro v. McCann. We conclude that the amendment does not require the prerequisites in these circumstances and affirm the award of damages in the amount of $1,700.00 for violation of G.L.c. 111, §199A.
We now turn to the award of damages under G.L.c. 239, §8A. In pertinent part, it states:
In any action under this chapter to recover possession of any premises rented or leased for dwelling purposes, brought pursuant to a notice to quit for nonpayment of rent, or where the tenancy has been terminated without fault of the tenant or occupant, the tenant or occupant shall be entitled to raise, by defense or counterclaim, any claim against the plaintiff relating to or arising out of such property, rental, tenancy, or occupancy for breach of warranty, for a breach of any material provision of the rental agreement, or for a violation of any other law.
The expansive language of G.L.c. 239, §8A, includes violations of law that do not involve the physical condition of the Premises. Lawrence v. Osuagwu, 57 Mass. App. Ct. 60, 64 (2003); Tringali v. O’Leary, 2015 Mass. App. Div. 110. Where the landlord’s conduct violates another law, G.L.c. 111, §199A, and the landlord’s conduct also violates G.L.c. 186, §18, the tenants are entitled to the relief afforded by G.L.c. 239, §8A. However, it is a duplicative award of damages for the same conduct by the landlord for which the court awarded damages under G.L.c. 111, § 199A. See Simon v. Solomon, 385 Mass. 91, 110 (1982); Ameripride Linen & Apparel Servs., Inc. v. Eat Well, Inc., 65 Mass. App. Ct. 63, 69 (2005). The trial judge did not find any other breach of warranty or material provision of the rental agreement or any other violation of law other than G.L.c. 111, §199A.
The judgment of the trial court awarding damages of $3,400.00 for violation of G.L.c. 239, §8A, is vacated and reversed with judgment to enter for the landlord on that counterclaim. The remainder of the judgment of the trial court is affirmed.