NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12754

YOUGHAL, LLC  vs.  AMANDA ENTWISTLE & another.[1]


March 23, 2020.


Summary Process, Appeal, Notice to quit.  Practice, Civil,
     Summary process, Appeal, Bond.  Uniform Summary Process
     Rules.  Landlord and Tenant, Termination of tenancy, Quiet
     enjoyment.  Consumer Protection Act, Landlord and tenant,
     Unfair act or practice.


     The defendant tenants appeal from a Housing Court judgment
for the plaintiff landlord on its summary process complaint, the
denial of relief on certain of their counterclaims, and from the
award of nominal damages on other counterclaims.  The landlord
appeals from the denial of its motion to dismiss the tenants'
appeal.  The Appeals Court dismissed the tenants' appeal on
timeliness ground, and we granted further appellate review.  We
conclude that the tenants' appeal is timely, and that the
landlord's summary process complaint must be dismissed because
the summons and complaint were served within fourteen days of
the tenants' receipt of the notice to quit.  We affirm the
judgment with respect to the tenants' counterclaims.

     Background.  The landlord commenced a summary process
action against the tenants seeking to recover possession of the
subject premises and damages for unpaid rent.  The tenants
responded by claiming improper termination of the tenancy, and
counterclaiming for breach of the warranty of habitability, in
violation of G. L. c. 239, § 8A; violation of G. L. c. 186, § 14
(utilities, services, and quiet enjoyment); G. L. c. 239, § 2A
(reprisal for reporting violations of law); and G. L. c. 93A

_____

     [1] Angela Entwistle.

(consumer protection).[2]  After a bench trial, on November 2, 2017, the judge ordered judgment for the tenants on two counterclaims, and awarded nominal damages.  With respect to the landlord's summary process complaint, she ordered judgment for the tenants if they paid $6,225 to the landlord within ten days and filed a receipt of the payment with the court;[3] otherwise, the judge ordered judgment for the landlord.  The tenants did not make the payment, and final judgment entered on November 15, 2017.

On November 13, 2017, before the entry of final judgment, the tenants filed a motion seeking a new trial or to alter or amend the judgment.  See Mass. R. Civ. P. 59, 365 Mass. 827 (1974).  The judge denied the motion on November 21, 2017; the tenants filed a notice of appeal within ten days after the denial of that motion.  In addition, the judge denied the landlord's motion to dismiss the appeal and request for an execution.  Over the landlord's opposition, an appeal bond was set.

On the parties' cross appeals, the Appeals Court dismissed the tenants' appeal on timeliness ground.  We granted further appellate review to consider whether a motion, pursuant to Mass. R. Civ. P. 59, served before the entry of final judgment, is timely for purposes of Mass. R. App. P. 4 (a), as amended, 464 Mass. 1601 (2013).  We conclude that it is.  We also conclude that the summary process complaint must be dismissed because it was served within the fourteen-day period after receipt of the notice to quit.  We find no error in the Housing Court judgment with respect to the counterclaims, and affirm that portion of the judgment.

Discussion.  On review of the Housing Court judge's decision, "we accept her findings of fact unless they are clearly erroneous.  The judge's legal conclusions are reviewed de novo" (citations omitted).  Anastos v. Sable, 443 Mass. 146, 149 (2004).

1.  Propriety of tenants' appeal.  Although the landlord challenged the propriety of the tenants' appeal on several

---

[2] A counterclaim asserting mishandling of a security deposit was withdrawn.

[3] This amount reflects unpaid rent of $6,250 less nominal damages of twenty-five dollars awarded to the tenants on their counterclaims.

grounds, the Appeals Court dismissed the appeal on a different ground.[4]  The Appeals Court concluded that the tenants' appeal was untimely and must be dismissed because the notice of appeal was filed more than ten days after the entry of . . . judgment."[5] G. L. c. 239, § 5.  We disagree:  the appellate clock was stopped by the tenants' timely posttrial motion.  Under Mass. R. A. P. 4 (a):

> "If a timely motion under the Massachusetts Rules of Civil Procedure is filed in the lower court by any party:
>
> ". . .
>
> "(3) to alter or amend a judgment under Rule 59 or for relief from judgment under Rule 60, however titled, if either motion is served within ten days after entry of judgment; or
>
> "(4) under Rule 59 for a new trial,

---

[4] At oral argument, landlord's argument rested primarily on the claim that the tenants' notice of appeal was inadequate because it did not specifically reference the final judgment. In the Housing Court, however, the landlord sought dismissal of the appeal on a different ground, i.e., for "failure to give bond or request a waiver of bond within the time allowed for filing notice of appeal and filing an appeal bond," citing G. L. c. 239, § 5.  On appeal, the landlord pressed the same claim, arguing that the motion for a new trial did not expand the period for filing a notice of appeal provided in G. L. c. 239, § 5, pursuant to Mass. R. A. P. 4 or otherwise.  It also claimed that the tenants' notice of appeal was inadequate because it did not request the clerk to schedule a hearing to approve an appeal bond; was not filed until December 1, 2017, sixteen days after the entry of judgment; and did not use the word "judgment."  As the landlord acknowledged in its brief, however, the Housing Court judge treated the notice of appeal as an appeal from the final judgment.

[5] Pursuant to Mass. R. A. P. 4 (a), a notice of appeal in a civil case must be filed within "thirty days of the date of the entry of the judgment appealed from," unless "otherwise provided by statute."  In this case, a ten-day period is provided by G. L. c. 239, § 5 (a) ("If either party appeals from a judgment of . . . a housing court . . . in an action under this chapter . . . that party shall file a notice of appeal with the court within [ten] days after the entry of judgment").

"the time for appeal for all parties shall run from the
entry of the order denying a new trial or granting or
denying any other such motion.  A notice of appeal filed
before the disposition of any of the above motions shall
have no effect. . . ."

Although the tenants filed their notice of appeal more than ten
days after judgment entered, on November 15, 2017, it was filed
within ten days of the denial of their motion under Mass. R.
Civ. P. 59 for a new trial or to alter or amend the judgment.
The rule 59 motion was a "timely motion" for purposes of Mass.
R. A. P. 4 (a), even though it was filed before the entry of
judgment.

Rule 59 requires only that "a motion for a new trial [or to
alter or amend the judgment] shall be served not later than
[ten] days after the entry of judgment" (emphasis added).  Mass.
R. Civ. P. 59 (b), (e).  Nothing in the rule precludes a
litigant from filing its motion before judgment actually has
entered, and nothing in the rule renders such a motion
"untimely."  See Reporters' Notes (1973) to Rule 59, Mass. Ann.
Laws Court Rules, Rules of Civil Procedure, at 1116 (LexisNexis
2015) ("The wording of 59 [b], however, allows a motion to be
made both before or after the entry of judgment").  Contrast
Mass. R. A. P. 4 (a) (notice of appeal filed before disposition
of enumerated timely-filed motions without effect).

Manzaro v. McCann, 401 Mass. 880, 881-882 & n.2 (1988),
does not require a different result.  Unlike this case, Manzaro
did not involve an early-filed rule 59 motion.  In that context,
our observation that the "rule 59 (e) motion was filed on
September 12, 1986, within ten days from judgment as directed by
that rule," recognizes only that the rule 59 (e) motion was not
late and, therefore, that the time for appeal did not begin to
run until the motion was decided.  Manzaro, 401 Mass. at 882.
To the extent Empire Loan of Stoughton v. Stanley Convergent
Sec. Solutions, Inc., 94 Mass. App. Ct. 709 (2019), suggests
that a motion for reconsideration, to alter or amend a judgment,
or for relief from judgment is not timely if it is served before
judgment enters, it is overruled.

The landlord's claims concerning the procedural propriety
of the appeal are equally without merit.  The landlord suggests
that Mass. R. A. P. 4 does not toll the time for filing a notice
of appeal prescribed in G. L. c. 239, § 5.  However, although
G. L. c. 239, § 5, requires a party appealing from a summary

process judgment to "file a notice of appeal with the court within [ten] days after the entry of the judgment," a timely motion pursuant to Mass. R. Civ. P. 59 to alter or amend a judgment suspends the finality of the judgment. See Manzaro, 401 Mass. at 882. The statutory period commences anew when the rule 59 motion is disposed, i.e., when the entry of judgment is effective.

With respect to the landlord's claim that, pursuant to Rule 12 of the Uniform Summary Process Rules, the tenants' notice of appeal was ineffective because it failed to include a request to set an appeal bond, the tenants did not request waiver of the bond. We recognize that rule 12 provides:

> "Upon receipt of notice of appeal and request for setting of bond within the time prescribed by G. L. c. 239, § 5, the clerk shall forthwith schedule a hearing before the court on whether an appeal bond shall be required and on the form and amount of such appeal bond. The hearing shall be held within three business days of said receipt."

As stated, however, G. L. c. 239, § 5, specifies the timing for filing a notice of appeal; it does not address the mechanism for setting an appeal bond. In that context, rule 12 is best understood to require that, if both a notice of appeal and a request for setting of a bond are filed within the statutory period, a hearing will be held within three business days. The absence of a request for setting of bond, however, does not render an otherwise timely notice of appeal defective.

Finally, with respect to the landlord's claim that the tenants' notice of appeal was inadequate to claim an appeal from the final judgment, we acknowledge that the notice of appeal stated that the tenants were "aggrieved by the Findings of Fact, Rulings of Law, Decision and the denial of their Motion for New Trial or to Alter or Amend Judgment." In the circumstances here, we conclude the notice was adequate, particularly because the appeal permitted by G. L. c. 239, § 5, is an appeal from a final judgment.

Having concluded that the appeal properly is before us, we proceed to address the claims raised by the tenants.

2. Termination of the tenancy. As of June 1, 2017, the tenants, who occupied the premises pursuant to a written lease, had an unpaid rent balance of $1,250. On June 6, 2017, the landlord's agent sought to terminate the tenancy by delivering

to the tenants a notice to quit the premises in fourteen days. See G. L. c. 186, § 11.  See New Bedford Housing Auth. v. Olan, 435 Mass. 364, 373 (2001) ("where a statute requires written notice to terminate a tenancy, that notice must be sent before an action for summary process may be commenced").  The agent taped the notice to the door of the premises.  One tenant testified that she was not present when the notice was delivered, and that she did not receive it until June 7, 2017.  The tenants claim that their tenancy therefore remained unchanged through June 21, 2017, the fourteenth day after actual receipt of the notice to quit.  See Johnson v. Stewart, 11 Gray 181, 183 (1858) ("When an act is to be done within a given number of days from the date or the day of a date of a written instrument, the day of the date is to be excluded").  See also King v. G & M Realty Corp., 373 Mass. 658, 663 (1977).  Because the summary process summons and complaint were served on June 21, 2017, i.e., within the fourteen-day period after "actual receipt" of the notice, the tenants contend the summary process complaint should have been dismissed.  We agree.[6]

General Laws c. 186, § 11, provides that a fourteen day notice to quit be "given in writing to the tenant" to "determine" the lease.  See Adjartey v. Central Div. of the Housing Court Dep't, 481 Mass. 830, 851 (2019).  "Once the deadline stated in the notice to quit has passed, the landlord may serve his or her tenant" with a summary process summons and complaint to recover possession of the premises.  Id. at 852, 860.  See Hodgkins v. Price, 137 Mass. 13, 18 (1884).  See also Rule 2(b) of the Uniform Summary Process Rules (1993).  It is the landlord's burden to "show that [it] gave a notice which complied with the statute.  The statute does not proscribe how notice is to be given."  See Ryan v. Sylvester, 358 Mass. 18, 19 (1970).  It is nonetheless evident that a notice taped to a door is not "given to the tenant," until the tenant receives actual or constructive notice of it.  See id., citing cases.  In this case, the evidence at trial did not establish delivery of the notice until June 7, 2017, when one tenant testified she received it.  Because the summary process proceeding was commenced before the full fourteen-day deadline had come and gone, judgment must enter for the tenants.

---

[6] The tenants filed motions to dismiss or for a required finding, based in part on the fact that the summary process summons and complaint were served within the fourteen-day period after receipt of the notice to quit.

3. <u>Counterclaims</u>. Having concluded that the summary process complaint must be dismissed, we turn now to the tenants' counterclaims.[7]

a. <u>Covenant of quiet enjoyment</u>. The tenants claim that the judge erred in denying relief on their counterclaim for breach of the covenant of quiet enjoyment. See G. L. c. 186, § 14. That statute provides that "[a]ny lessor or landlord of any building or part thereof occupied for dwelling purposes . . . who directly or indirectly interferes with the quiet enjoyment of any residential premises by the occupant . . . shall . . . be liable for actual and consequential damages, or three month's rent, whichever is greater, and the costs of the action, including a reasonable attorney's fee . . . ." <u>Id</u>. The covenant protects a tenant from "serious interference with his tenancy -- acts or omissions that impair the character and value of the leasehold." (citations omitted). <u>Doe</u> v. <u>New Bedford Housing Auth</u>., 417 Mass. 273, 285 (1994).

The tenants contend that their right to quiet enjoyment was violated in myriad ways. They allege that they were responsible for payment of electricity used in common areas; that they were responsible for their own heat and hot water without a written agreement to do so; and that certain conditions associated with the premises, including a purported lack of a secondary means of egress and issues associated with smoke and carbon dioxide detectors, all interfered with their quiet enjoyment of the premises. After a two-day trial, however, the judge determined that the claims were without merit. Among other things, the judge concluded that there was no credible evidence that utilities were not furnished to the tenants or that they paid for common area electricity. The judge also found, however, that the tenants paid for heat and hot water at the premises without a written agreement to do so, as required by the State sanitary code, 940 Code Mass. Reg. § 3.17. See <u>Poncz</u> v. <u>Loftin</u>, 34 Mass. App. Ct. 909, 910-911 (1993). Nonetheless, the judge concluded that the lack of a written agreement regarding utilities did not interfere with the tenants' quiet enjoyment of the premises. There was no error in the judge's conclusion that

---

[7] In the brief they filed in this court, the tenants raised no meaningful argument with respect to the Housing Court judge's denial of relief on their counterclaim for breach of the warranty of habitability. See G. L. c. 239, § 8A. The judge concluded that the tenants were behind in their rental payments before the landlord was on notice of claimed defects in the premises, and once it was on notice, it promply made repairs.

there had been no breach of the covenant of quiet enjoyment, or in her declining to award damages.

b. Unfair or deceptive business practices. Although the judge concluded that the lack of a written agreement concerning payment of utilities did not violate the covenant of quiet enjoyment, she did find that the omission violated the State sanitary code, see 940 Code Mass. Regs. § 3.17, and, therefore, G. L. c. 93A. See Poncz, 34 Mass. App. Ct. at 910-911. For this violation, the judge awarded nominal damages and reasonable attorney's fees, giving the tenants the option to file a motion for attorney's fees before final judgment entered. On appeal, the tenants claim a variety of other violations of the same regulation, which they likewise claim violate G. L. c. 93A. As best we can discern, however, each of these bare allegations depends on a view of the facts different from those found by the judge, after trial. We decline to consider them further.

c. Retaliation. Finally, we conclude that the Housing Court judge correctly rejected the tenants' claim that the landlord's summary process action was brought in retaliation for their complaints about the condition of the premises. See G. L. c. 186, § 18; G. L. c. 239, § 2A. By statute, if a landlord commences an action within six months of such a complaint, a presumption of retaliation arises. See G. L. c. 186, § 18 ("The receipt of any notice of termination of tenancy, except for nonpayment of rent, . . . within six months after the tenant" exercises such rights "create[s] a rebuttable presumption that such notice or other action is a reprisal against the tenant for engaging in such activities"). For purposes of G. L. c. 239, § 2A, a rebuttable presumption arises, whether or not the action was for nonpayment of rent. See South Boston Elderly Residences, Inc. v. Moynihan, 91 Mass. App. Ct. 455, 468-469 (2015) ("For the landlord to overcome the statutory presumption of relation . . . there still would need to be clear and convincing evidence that the landlord would have sent the notice to quit in the same manner and at the same time").

In this case, the tenants had a balance of unpaid rent of $1,250 at the time the summary process proceeding commenced. Under the circumstances, the judge correctly concluded that the tenants were not entitled to a presumption of retaliation under G. L. c. 186, § 18. With respect to G. L. c. 239, § 2A, the judge determined that the landlord overcame the presumption by showing that it repeatedly had commenced summary process actions against one of the tenants when she previously had fallen behind in her rent. In the circumstances, we conclude that the judge

did not err in denying relief on the tenants' counterclaim for retaliation.

Conclusion.  For the reasons stated, the landlord's summary process complaint must be dismissed, because the summary process summons and complaint were served before the full fourteen-day period provided in the notice to quit had elapsed.  The judgment with respect to the tenants' counterclaims is affirmed.  The case is remanded to the Housing Court for further proceedings consistent with this opinion.

So ordered.


Francis B. Fennessey for the plaintiff.
Alan H. Aaron for the defendants.
H. Esme Caramello, for City Life/Vida Urbana & another, amici curiae, submitted a brief.
Joseph N. Schneiderman, for Chelsea Collaborative, amicus curiae, submitted a brief.